UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEET METAL WORKERS' LOCAL 7, ZONE 1
PENSION FUND, et al,

    Plaintiffs,                                          Case No. 1:08-cv-1177

v.                                                          Hon. Robert J. Jonker

ESSEX MECHANICAL, LLC,

    Defendant.
_____/

**ORDER DENYING EX PARTE MOTION TO
APPOINT RECEIVER**

Pending before the court is an ex parte motion filed by the plaintiff to appoint a receiver for the judgment debtor (docket no. 19). For the reasons stated below, the motion will be denied.

Plaintiff obtained a judgment against defendant on January 15, 2009, in excess of $47,000. The judgment remains unsatisfied. Brad Essex, the registered agent of the defendant, was ordered to appear for a creditor's examination in Lansing, Michigan on May 12, 2009, but neither he nor anyone else on behalf of Essex Mechanical, LLC appeared at the scheduled time. Plaintiff now seeks an order appointing a receiver for the defendant.

Appointment of a receiver pursuant to M.C.L. § 600.6104(4) is an appropriate supplemental or post-judgment proceeding under Fed. R. Civ. P. 69. *See, e.g., Steinberg v. Young*, -- F. Supp. 2d --, 2009 WL 1913418 at *6 (E.D. Mich. June 30, 2009); s*ee also, Bache Halsey Stuart Shields, Inc. v. Killop*, 589 F. Supp. 390 (E.D. Mich. 1984). It is, however, "a 'harsh proceeding,'

1

which should only be resorted to in extreme cases." *In re: the Honorable Gerald Trudel, Judge, 24th District Court*, 477 Mich. 1202, 1203 (2006).

"The primary purpose of a receiver is to preserve property and to dispose of it under the order of the court." *Cohen v. Cohen*, 125 Mich. App. 206, 214, 335 N.W.2d 661 (1983). Thus, "the appointment of a receiver is an extraordinary equitable remedy that is justified only in extreme situations." *Meyer Jewelry Co. v. Meyer Holdings, Inc.*, 906 F.Supp. 428, 432 (E.D. Mich.1995). In *Petitpren v. Taylor School District*, 1054 Mich. App. 283, 304 N.W.2d 553 (1981), the Michigan Court of Appeals addressed principles applicable to appointing a receiver:

> Several principles exist which serve to guide the courts in the exercise of their discretion in the appointment of receivers. For example, it has consistently been noted that the appointment of a receiver is a harsh remedy which should only be resorted to in extreme cases. If less intrusive means are available to effectuate the relief granted by the trial court, a receiver should not be used. When other approaches have failed to bring about compliance with a court's orders, whether through intransigence or incompetence, a receivership may then be appropriate.

*Petitpren*, 104 Mich.App. at 295-96 (citations omitted). Because receivership is "a remedy of last resort," and should not be used unless less drastic approaches have failed or would be doomed to failure, "a receiver should not be appointed where another safe, expedient, adequate and less drastic remedy exists." *Hofmeister v. Randall*, 124 Mich. App. 443, 446, 335 N.W.3d 65 (1983).

Several factors were set forth in *Meyer Jewelry* that a court should weigh when considering a creditor motion for appointment of a receiver:

> Factors typically influencing the district court's exercise of discretion include the existence of a valid claim by the moving party; the probability that fraudulent conduct has occurred or will occur to frustrate the claim; imminent danger that property will be lost, concealed, or diminished in value; inadequacy of legal remedies; lack of less drastic equitable remedy; and the likelihood that appointment of a receiver will do more harm than good.

*Meyer Jewelry*, 906 F. Supp. at 432 (citing *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993)).

In this case, the only reason given by plaintiffs for appointment of a receiver is that a representative of the judgment debtor failed to appear for the creditor's examination. While this is certainly a serious infraction, plaintiffs have failed to demonstrate the type of extreme situation that justifies the appointment of a receiver as set forth in *Petitpren, Hofmeister* and *Meyer Jewelry*. As a general rule, a receiver acquires the property rights of the debtor, except as to liens in existence at the time of appointment, and "holds the property for the benefit of general creditors under the direction of the court." *Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 625 (6th Cir. 2003). By appointing a receiver, this court would be acting not unlike a probate court or bankruptcy court, i.e., it would supervise the collection of the judgment debtor's assets and payment of those assets to the judgment debtor's creditors. *See, e.g., Moran v. U.S. Bank, N.A.*, 2007 WL 1023447 (S.D Ohio Jan. 4, 2007) (court order creating receivership authorized the receiver to file civil actions to protect the assets of the receivership). Receiverships can be complicated due to legal questions regarding the reach of a receiver's authority outside of the state in which he is appointed and the extent of the receiver's claim to the judgment debtor's assets. *See generally*, Brown, *The Law of Debtors and Creditors*, § 6:34. As one commentator observed, "[c]oncern for the reach of the receiver's authority outside of a state may be cause for consideration of involuntary bankruptcy as an alternative." *Id.* at fn 12.

In summary, under Michigan law, the appointment of a receiver is reserved for extreme situations in which other alternatives have failed. Plaintiffs' efforts to date to collect a default judgment in this case, and the defendant's failure to appear on this one occasion, do not justify the drastic remedy of a court appointed receiver. The appointment of a receiver at this point would be premature. *Trudel, supra* at 1203.

The motion is **DENIED.**

**IT IS SO ORDERED.**


Dated:  October 6, 2009               /s/ Hugh W. Brenneman, Jr.
                                      HUGH W. BRENNEMAN, JR.
                                      United States Magistrate Judge